UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:21-cv-00083-MR

| | |
|---|---|
| SCOTT RANDALL REICH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| ) | |
| EDDIE M. BUFFALOE, Jr., Secretary ) | |
| of Department of Public Safety,[1] ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on initial review of the Petition for Writ of Habeas Corpus filed by Petitioner Scott Randall Reich pursuant to 28 U.S.C. § 2254. [Doc. 1]. Also before the Court are the Petitioner's Motion for Appointment of Counsel [Doc. 2], and Motion for Discovery [Doc. 5].

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts requires that "the petition must name as respondent the state officer who has custody" of the petitioner. Rule 2(a), 28 U.S.C. foll. § 2254. North Carolina law mandates that the Secretary of the Department of Public Safety is the custodian of all state inmates and has the power to control and transfer them. See N.C. Gen. Stat. § 148-4 (2017) ("The Secretary of Public Safety shall have control and custody of all prisoners serving sentence in the State prison system[.]"). Accordingly, Eddie M. Buffaloe, Jr., the current Secretary of the North Carolina Department of Public Safety, is the proper respondent in this action.

1

## I. BACKGROUND

Scott Randall Reich (the "Petitioner") is a prisoner of the State of North Carolina. The Petitioner was convicted of first-degree murder on October 2, 2008 in Rutherford County Superior Court and sentenced to life imprisonment without the possibility of parole. [Doc. 1 at 1]. The Petitioner filed a notice of appeal and the appellate court issued its order on February 10, 2010 affirming the Petitioner's judgment and conviction. See State v. Reich, 690 S.E.2d 769, 2010 WL 347910, *1 (N.C. Ct. App. February 10, 2010); [Doc. 1 at 2]. The Petitioner did not file a petition to seek discretionary review in the North Carolina Supreme Court. Id.

On July 10, 2013, the Petitioner filed a § 2254 Petition for Writ of Habeas Corpus in this Court, on grounds that his counsel and the government withheld evidence in his state prosecution. See [Doc. 1 of Case No. 1:13-cv-221 (W.D.N.C.)]. This Court dismissed the § 2254 Petition without prejudice on January 16, 2014 because the Petitioner had failed to first exhaust his habeas claims in state court. [Id. at Doc. 3].

On October 17, 2015, the Petitioner filed a Motion for Appropriate Relief ("MAR") in the Rutherford County Superior Court on the following grounds: (1) prosecutorial misconduct; (2) ineffective assistance of counsel; and (3) failure to present self-defense argument. [Doc. 1 at 3]. The trial court

denied the MAR on April 8, 2016. [Id.]. The Petitioner filed two certiorari petitions with the North Carolina Court of Appeals on October 31, 2016 and November 2, 2016, which were denied on November 16, 2016. [Id. at 4].

On March 6, 2017, the Petitioner filed a second § 2254 Petition for Writ of Habeas Corpus in this Court. See [Doc. 1 of Case No. 1:17-cv-00068 (W.D.N.C.)]. The Court dismissed the petition on July 9, 2018 as time-barred under 28 U.S.C. § 2241(d)(1)(A),(D). [Id. at Doc. 22].

The Petitioner filed a second MAR in Rutherford County Superior Court in March 2020, once again raising claims of ineffective assistance of counsel and prosecutorial misconduct. [Doc. 1 at 4]. The trial court denied the MAR on May 18, 2020. [Id.]. The Petitioner sought appellate review, which was denied on June 30, 2020. [Doc. 1 at 9]. The Petitioner also sought review in the North Carolina Supreme Court, which was denied on December 15, 2020. [Id.].

The Petitioner filed the instant § 2254 petition in this Court on March 25, 2021 raising ineffective assistance of counsel and prosecutorial misconduct. [Doc. 1]. The Petitioner has also filed a Motion for Appointment of Counsel [Doc. 2] and a Motion for Discovery [Doc. 5].

## II. DISCUSSION

### A. Initial Review of § 2254 Petition

The Petitioner's § 2254 Petition for Writ of Habeas Corpus appears to be subject to dismissal as an unauthorized successive petition. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") expressly limits a petitioner's ability to attack the same criminal judgment in multiple collateral proceedings. See 28 U.S.C. § 2244(b)(3). Under 28 U.S.C. § 2244(b)((3)(A), "[b]efore a second or successive application ...is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Id. Failure to obtain authorization from the appellate court deprives the district court of jurisdiction to consider the successive petition. Burton v. Stewart, 549 U.S. 147, 153, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007).

The Petitioner previously filed a § 2254 petition in this Court on March 6, 2017, which was dismissed on July 9, 2018 as untimely filed. See [Docs. 1, 22 of Case No. 1:17-cv-00068 (W.D.N.C.)]. As such, the pending § 2254 petition is successive. See Leatherwood v. Perry, No. 1:14-cv-220, 2015 WL 4756984, *3 (W.D.N.C. August 12, 2015)("dismissal of a habeas petition as time-barred is a decision on the merits and any subsequent habeas petition challenging the same conviction or sentence is 'second or successive' for

4

Case 1:21-cv-00083-MR   Document 8   Filed 11/10/21   Page 4 of 8

purposes of 28 U.S.C. § 2244(b)").

The Petitioner has not shown that he obtained authorization from the appellate court prior to filing his successive habeas petition as required by 28 U.S.C. § 2244(b)(3)(A). This Court is therefore without jurisdiction to review the merits of the instant § 2254 petition. As such, the § 2254 petition shall be dismissed.[2]

**B.  Motion for Appointment of Counsel**

The Petitioner moves this Court for the appointment of counsel to represent him in "the investigation/pursuit of a motion for appropriate relief" on grounds that he is indigent, has limited education and legal knowledge, and that a manifest injustice would result should the Court deny his request. [Doc. 2]. However, the Petitioner's motion is signed and dated July 30, 2019 and appears to be a copy of a motion for appointment of counsel previously filed in his state court proceedings. Id.

To the extent that the Petitioner intends this pleading to serve as a request for the appointment of counsel in this § 2254 proceeding, he is not

---

[2] The instant § 2254 petition also appears to be time-barred under 28 U.S.C. § 2244(d)(1). The Petitioner acknowledges the untimeliness of his petition and argues that it should be excused because of "actual innocence and newly discovered evidence." [Doc. 1 at 77-87]. However, the Petitioner's allegations are conclusory and he does not cite to any new evidence that could not have been previously and timely discovered with the exercise of due diligence. Because the Petitioner fails to demonstrate the existence of any newly discovered evidence to justify tolling of the statute of limitations under § 2244(d)(1), the petition is also subject to dismissal as time-barred.

entitled to any relief. There is no constitutional right to the appointment of counsel in a post-conviction proceeding. Crowe v. United States, 175 F.2d 799 (4th Cir. 1949); Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 95 L.Ed.2d 589 (1987). The § 2254 petition is subject to dismissal and the Petitioner has made no demonstration to show that he is entitled to appointment of counsel in this matter. As such, the motion is denied.

### C. Motion for Discovery

In his motion filed on May 27, 2021, the Petitioner asks this Court to order the Rutherford County District Attorney to release three witness statements made by his former wife. [Doc. 5]. The Petitioner appears to allege or insinuate that these statement were improperly withheld by the prosecution. Id.

The Petitioner is not entitled to the relief sought in his motion. "A habeas prisoner is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904, 117 S.Ct. 1793, 138 L.Ed.2d 97 (1997). Rule 6(a) of the Rules Governing § 2254 Cases provides, "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise."

As discussed above, the Petitioner's § 2254 petition is subject to dismissal. The Petitioner has shown no good cause to justify the ordering of discovery in this matter. This Court also has no authority to order the state prosecutor to release discovery to this Court. As such, the motion is denied.

**IT IS, THEREFORE, ORDERED** that:

1. The Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED** without prejudice as an unauthorized successive petition under § 2244(b).

2. The Petitioner's Motion for Appointment of Counsel [Doc. 2] is **DENIED**.

3. The Petitioner's Motion for Discovery [Doc. 5] is **DENIED**.

4. The Clerk of Court is respectfully directed to substitute Eddie M. Buffaloe, Jr., Secretary of the North Carolina Department of Public Safety, as the respondent in this action.

5. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's

assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

**IT IS SO ORDERED.**

Signed: November 10, 2021

Martin Reidinger
Chief United States District Judge